IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN ROBERTSON and
MAUREEN ROBERTSON,

                    Plaintiffs,

    v.

DAVID J. YEAZEL,

                    Defendant.

ORDER

02-cv-645-bbc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 16, 2003, judgment was entered for plaintiffs John and Maureen Robertson in the amount of $790,000 against defendant David Yeazel. Now, almost ten years later, plaintiffs have submitted a request "to renew" the judgment. Unfortunately, plaintiffs do not provide any explanation of why they have made this request.

Rule 69 of the Federal Rules of Civil Procedure provides that "the proceedings on and in aid of execution [of a judgment] shall be in accordance with the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(1). A Wisconsin judgment creditor's ability to enforce a judgment is subject to various time limitations. Under Wis. Stat § 815.04, execution of a judgment may issue within five years after rendition of judgment. Once that time has passed, execution may be issued only by leave of the court.

---

[1] I have assumed jurisdiction over this case.

Under Wis. Stat. § 806.15(1), a docketed judgment operates as a lien on real estate for ten years from date of entry. Once that time passes, "the only way a judgment lien [can] be obtained [is] to obtain a new judgment by suing on the original judgment after securing 'leave of court, for good cause shown on notice to the adverse party.'" Meier v. Purdun, 70 Wis. 2d 1100, 1104, 236 N.W.2d 262, 264 (1975) (quoting predecessor statute to Wis. Stat. § 806.23 providing for "Action on judgment").

Plaintiffs do not explain whether they currently seek to execute the judgment, obtain a new judgment in order to preserve a possible judgment lien or obtain some other action by the court. Without knowing more I cannot take action on their motion. Accordingly, I will give plaintiffs a short time to explain in detail what they wish to accomplish and what action they want the court to take. Failure to respond by the deadline provided below will result in the denial of the motion.

ORDER

IT IS ORDERED that plaintiffs John and Maureen Robertson may have until March 19, 2013 to provide a brief explaining what action they want the court to take regarding their motion to renew the judgment.

Entered this 27th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge